United States District Court
Southern District Of New York

**SCANNED**

- - - - - - - - - - -

RECEIVED
SDNY DOCKET UNIT

TOMMY BARNES,

2018 AUG -7 AM 9:47

Plaintiff, Pro-Se

CASE NO.

COMPLAINT

-against-

JURY DEMAND

THE CITY OF NEW YORK, and Sergeant
Kenneth Caesar, Shield #2940, Officer
Michael Manetta, shield# 241, AND
Officer Nicholas Mauceli, shield #9894,

**18CV7119**

Defendants.

- - - - - - - - - - - - - - - - - X

Plaintiff, TOMMY BARNES, Pro-Se, complaining of the
defendants herein, The City of New York, and Sergeant
Kenneth Caesar, Shield #2940, officer Michael Manetta,
shield# 241, and Officer Nicholas Mauceli, shield#9894,
respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation
   of rights secured to the plaintiff under color of
   statute, ordinance, regulation, custom, and/or to re-
   dress the deprivation of rights, privileges, and
   immunities secured to the plaintiff by the Fourth,
   Fifth, Sixth and Fourteenth Amendments to the
   Constitution of the United States, and by Title
   42 U.S.C. §1983 [and § 1985], [and arising under the

law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants Sergeant Caesar, #2940, Officer Nicholas Mauceli, #9894, and Michael Manetta, #241 (who is currently a Fire-Fighter in the City of New York) were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of

New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At All relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS Common TO ALL CAUSES OF ACTION

9. On or about January 21, 2014, at approximately 11:15 a.m. (eleven-Fifthteen a.m.), defendant officers, acting in concert, arrested plaintiff without cause at or close to the corner of W. 44th Street and 9th Avenue, New York, New York, and charged plaintiff with PL 220.39 'Criminal sale of a controlled substance in the third degree.'

10. Plaintiff, however, did not sell any controlled

substance, and did not commit any offense against the laws of New York City and/or State for which the arrest may be lawfully made.

11. Prior to the arrest, plaintiff had stopped to say hello and conversate with someone he knew when defendant officers suddenly descended upon the plaintiff and immediately grabbed the plaintiff with great force, placing the handcuffs on him so tightly the plaintiff had to receive medical attention and medicine was prescribed due to his hands being swollen, as well as his forearms, six days after the incident — plaintiff complain about this injury during his grand jury testimony.

12. Plaintiff was then immediately ordered by defendant officers to submit himself to an illegal search.

13. After falsely arresting the innocent plaintiff, defendant officers pushed the plaintiff into their police vehicle and transported plaintiff to the NYPD-14th Precinct.

14. Eventually, after detaining plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment even though he did not commit any crime or offense.

15. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

16. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff sold controlled substance.

17. Based on the false testimony of the defendant officers, a prosecution was commenced against plaintiff.

18. On or about January 21, 2014, plaintiff appeared before a judge.

19. That bail was set thereafter to secure the release of the plaintiff.

20. Because plaintiff could not make bail, plaintiff was transported to Rikers Island Correctional Facility, and was incarcerated at said facility for over two years and five months following his arrest.

21. On or about June 9, 2016, plaintiff was transported to the Supreme Court for the trial proceedings in connection with the criminal complaint against him.

22. That the plaintiff was acquitted by a jury, the false charge leveid against him of criminal sale of a controlled substance was dismissed.

23. That each and every officer who observed and/or was present at the location of the arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

24. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

25. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, financial losses, and damage to reputation.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

26. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, abuse of process, failure to intervene, illegal and unreasonable search and seizure, fabrication of evidence, violation of right to a fair trial, denial of due process rights and malicious prosecution.

28. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

29. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount of seven million dollars or in an amount to be proven At trial Against each of the defendants, individually and severally.

## Second Cause Of Action: Failure To Train And Municipal Policy

30. By this reference, plaintiff incorporates each and every allegation Averment set Forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. Defendant City of New York, acting through the New York Police Department, had actual and/or de-facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or Assist in the prosecution of innocent persons and obligation to effect an Arrest only when probable cause exists For such Arrest.

Page 7 of 16

32. Additionally, defendant City of New York, acting through the City of New York Department of Corrections, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its correction officers concerning correct practices in holding, taking and/or accepting custody of innocent persons and/or inmates, permissible search of innocent persons and or inmates, ensuring the safety and protection of innocent persons and/or inmates, conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation not to hold, accept and/or take innocent persons into custody.

33. Further, defendant City of New York, acting through District Attorney Cyrus R. Vance, Jr. and the Office of the District Attorney of the New York County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants,

Page 8 of 16

the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

34. Defendant City of New York, acting through aforesaid NYPD, New York City Department of Correction and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics and/or drug transactions.

35. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e. arrest-quotas). See Colon v. City of New York, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.) See also the following cases filed in this district: Eric Klati v. City of New York (11 CV 7041); Marcus

King v. City of New York (11 CV 2919); Diane Peralta v. City of New York (11 CV 2919); Dwayne Campbell v. City of New York (11 CV 2917); Nancy Smith v. City of New York (10 CV 9331); Francis Poku v. City of New York (10 CV 3429); Shamekka Crump v. City of New York (10 CV 1152); Valentine Moseley v. City of New York (09 CV 6463); Colin Bartley — v. City of New York (08 CV 10797, 09 CV 362).

36. That the issue of arrest quotas has been **recently** decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. See Bryant v. City of New York, Index No. 22011/07 (Sup. Ct. County of Kings, Feb. 18, 2011).

37. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

38. The actions of defendants, acting under color of State law, deprived plaintiff of his due process

rights, immunities
under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and **usage** of a right; in particular, the **right** to be secure in his person and property, to be **free** from abuse of process, the excessive use of force and the right to due process.

39. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

40. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in futherance of such conspiracy, as set forth above.

42. In light of the foregoing, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and Federal rights in violation of 42 U.S.C. § 1985.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## Fourth Cause Of Action: New York State Constitution, Article 1, §§ 5, 6, 8, 11 and 12

44. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protec-

tion of laws) and Article 1, § 12 (prohibiting unreasonable searches and seizures) of the New York Constitution.

46. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I §§ 5, 6, 8, 11 and 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

47. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 and 12 of the New York Constitution.

48. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## Fifth Cause Of Action: Assault And Battery

49. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. The conduct of defendant officers, as described herein, amounted to assault and battery.

51. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

52. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

53. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

Sixth Cause Of Action: Negligent & Intentional Infliction Of Emotional Distress

54. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

56. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which was inflicted through deliberate and malicious actions including the assault, strip search, detention and imprisonment by defendants.

57. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

Seventh Cause Of Action: Negligent Hiring And Retention Of Employment Services

58. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

60. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an

Page 15 of 16

injury that would otherwise result. A like situation would probably result from such conduct described herein.

61. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

62. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees, if one is assigned in the near future; and,

d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Attica, New York
July 23, 2018



NEOPOST
07/31/2018
US POSTAGE $001.63⁰
ZIP 14011
041M11284163

♻ Printed on Recycled Paper

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM
NAME: Tommy Barnes   DIN: 16A2831

ATTICA CORRECTIONAL FACILITY
BOX 149
ATTICA, NEW YORK 14011-0149
NAME: Tommy Barnes   DIN: 16A2831

U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York 10007-1312

1·00T·#13632·0014

Legal
Mail

RECEIVED
SDNY DOCKET UN
2018 AUG -7  AM 9:14