UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TOMMY BARNES,                                               :
                                                            :
                                        Plaintiff,          :
                                                            :          18 Civ. 7119 (LGS)
                        -against-                           :
                                                            :          **ORDER**
THE CITY OF NEW YORK, et al.,                              :
                                                            :
                                        Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the subject of this Order is what is construed as a motion by Plaintiff  to

reconsider the Order dated February 19, 2025 (the "February Order").  That order held that:

(a) Plaintiff's federal fabrication of evidence claim survives against Defendants Sergeant

Kenneth Caesar, Officer Michael Manetta and Officer Nicholas Mauceli (the "Officers") and is

ready for trial; (b) Plaintiff's state law claims are dismissed from this case, but two of them (false

arrest and false imprisonment) may be filed in state court once they accrue; and (c) Plaintiff was

granted leave to amend the Complaint to replead a habeas corpus claim against the warden of the

facility where he is housed and to restate the federal fabrication of evidence claim.  (Dkt. No.

190).

WHEREAS, the only ruling ripe for reconsideration is the dismissal of the state law

claims, since the fabrication claim and habeas petition will proceed.  The motion to reconsider

dismissal of the state law claims is denied for the reasons described below.

WHEREAS, on March 10, 2025, Plaintiff filed a notice of appeal.  (Dkt. No. 191).

WHEREAS, on April 22, 2025, Plaintiff filed a letter (the "April Letter") construed here as a motion to reconsider the February Order (Dkt. No. 192). The Court could not consider the motion while the February Order was on appeal. (*See* Dkt. No. 193).

WHEREAS, on September 19, 2025, the Court of Appeals dismissed the appeal because the February Order was not a final order, as Plaintiff was given leave to replead. The dismissal of the appeal means that the motion for reconsideration can now be decided.

WHEREAS, on October 23, 2025, Plaintiff filed a letter (the "October Letter") asking the Court, among other things, to consider the April Letter. (Dkt. No. 196).

WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."[1] *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) *accord Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2024 WL 4987405, at *1 (S.D.N.Y. Dec. 5, 2024). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Otrompke*, 2024 WL 4987405, at *1. "[C]ourts will not

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020). Because Plaintiff proceeds pro se, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

WHEREAS, the April Letter principally argues that the federal fabrication of evidence and habeas claims were properly asserted. The October Letter, liberally construed, suggests additional arguments in favor of Plaintiff's federal fabrication of evidence claim. As noted above, both the federal fabrication claim and habeas petition will proceed as described below.

WHEREAS, neither the April Letter nor the October Letter, liberally construed, suggests any arguments to reconsider the dismissal of the state law claims. Pursuant to the February Order, Plaintiff may still replead the false arrest and false imprisonment claims in state court once they accrue. For the other state law claims (which were dismissed with prejudice), Plaintiff has not "point[ed] to controlling decisions or data that the court overlooked," *Commerzbank*, 100 F.4th at 377, relating to the lack of notice and statute of limitations issues that precluded those claims. Nor has there been a change of law or the availability of new evidence on the notice and statute of limitations issues. Accordingly, none of the state law claims are revived. It is hereby

**ORDERED** that the motion to reconsider the February Order is **DENIED**. With the resolution of the motion to reconsider, the surviving federal fabrication of evidence claim is now ready for a jury trial, and the habeas petition (which is decided but the court and not by a jury) will proceed on a separate track. Separate orders will be filed addressing those matters.

3

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  December 18, 2025
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE