UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOMMY BARNES, | |
| Petitioner, | 18 Civ. 7119 |
| -against- | **ORDER TO ANSWER, SEVER AND OPEN NEW CIVIL ACTIONS** |
| CHRISTOPHER YEHL, | 28 U.S.C. § 2254 |
| Respondent. | |

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, the subject of this Order is Petitioner's proposed amended petition for a writ of habeas corpus, filed November 17, 2025 (the "Proposed Petition"). (Dkt. No. 199).

WHEREAS, Petitioner's previous habeas corpus claim was dismissed in an Order dated February 19, 2025 (the "February Order"). (Dkt. No. 190). Among other things, the February Order granted Petitioner leave to amend the Amended Complaint to replead a habeas corpus claim against the warden of the facility where he is housed.

WHEREAS, pursuant to the February Order, Petitioner filed the Proposed Petition, naming Kishon Walker, the superintendent of Orleans Correctional Facility, as the Respondent (Dkt. No. 199). On December 23, 2025, Petitioner filed a notice of a change of address, stating that he is now housed in Wende Correctional Facility. (Dkt. No. 208). Because the superintendent of Wende Correctional Facility is Christopher Yehl and Petitioner filed the Proposed Petition pro se prior to his change of address, the Proposed Petition is construed to name Christopher Yehl as the Respondent.

WHEREAS, Petitioner's habeas claim and the Proposed Petition are severed from Petitioner's claim for fabrication of evidence and the Amended Complaint because the habeas claim is decided by a judge, while the fabrication of evidence claim is subject to trial by a jury.

WHEREAS, Federal Rule of Civil Procedure 21 states, "the court may . . . sever any claim against a party."  "[T]his provision authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968);[1] *accord White v. Dep't of Corr.*, No. 25 Civ. 8711, 2025 WL 3041955, at *1 (S.D.N.Y. Oct. 30, 2025).  In determining whether to order severance of claims, courts consider factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Panagiotopoulos v. Galati*, No. 25 Civ. 6947, 2025 WL 3077790, at *2 (S.D.N.Y. Nov. 3, 2025).  "[C]ourts look to the logical relationship between the claims and determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Panagiotopoulos*, 2025 WL 3077790, at *2.

WHEREAS, here severance of the habeas claim will serve judicial economy and the parties, as each claim can now proceed on its separate track (judge and jury, respectively), without being delayed by adjudication of the other claim.  Because the two claims cannot be resolved in a single proceeding, neither judicial economy nor fairness dictate that the claims proceed in a single lawsuit.

WHEREAS, the previous Respondent (Kishon Walker) was ordered to file a response to the Proposed Petition by December 12, 2025 (Dkt. No. 201), but instead Sergeant Kenneth

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

2

Caesar, Officer Michael Manetta and Officer Nicholas Mauceli responded (Dkt. No. 205).  It is hereby

ORDERED that Petitioner's habeas corpus claim is severed from this action, 18 Civ. 7119, under Federal Rule of Civil Procedure 21.  The Proposed Petition will proceed in a separate civil action as set forth below and is hereafter referred to as the "Petition."  The habeas claim will proceed against Christopher Yehl as the sole Respondent.  It is further

ORDERED that the Attorney General for the State of New York shall file a letter by **January 9, 2026**, stating whether it will accept service on behalf of Respondent Christopher Yehl.  It is further

ORDERED that within sixty days of the date of this Order, Respondent shall file and serve (1) an answer, motion or other response to the Petition and (2) any transcripts and briefs identified in Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  If Respondent wishes to move to dismiss rather than answer, the requirement of a pre-motion letter is excused.  It is further

ORDERED that Petitioner may file and serve a reply to Respondent's answer, or an opposition to Respondent's motion, within thirty days from the date Petitioner is served with the answer or motion.

The Clerk of Court is respectfully directed to: (1) open a separate civil action with a new docket number, assigned to Judge Lorna G. Schofield as a related action to 18 Civ. 7119, for the habeas corpus proceeding; (2) docket this Order in this case (18 Civ. 7119); (3) docket in the new case this Order and Dkt. No. 199 from 18 Civ. 7119; (4) serve a copy of this Order and the Petition (Dkt. No. 199 from 18 Civ. 7119) on the Attorney General for the State of New York by

electronic means through the use of the court's CM/ECF system and (5) mail a copy of this Order to Petitioner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  January 6, 2026
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE