UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                      :
TOMMY BARNES,                                         :
                                  Plaintiff,          :
                                                      :
                   -against-                          :          18 Civ. 7119 (LGS)
                                                      :
THE CITY OF NEW YORK et al.,                          :
                                  Defendants.         :
-------------------------------------------------------------X
                                                      :
TOMMY BARNES,                                         :
                                  Petitioner,         :
                                                      :
                   -against-                          :          26 Civ. 121 (LGS)
                                                      :
CHRISTOPHER YEHL,                                     :          **ORDER**
                                  Respondent.         :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a telephonic conference was held on January 14, 2026, in Case No. 18 Civ. 7119 (the "Conference").

WHEREAS, during the Conference, Plaintiff Tommy Barnes: (i) requested to consolidate his habeas action (26 Civ. 121) with his surviving federal fabrication of evidence claim (18 Civ. 7119), (ii) declined the Court's offer to request pro bono counsel to assist Mr. Barnes with trial preparation and settlement discussions concerning the fabrication of evidence claim and (iii) requested that his trial on the fabrication of evidence claim be adjourned until after his habeas claim is decided.

WHEREAS, in an Order dated January 5, 2026 (the "Trial Scheduling Order"), trial on the fabrication of evidence claim was scheduled to begin on June 23, 2026, at 10:00 a.m. or the Court's first available date thereafter. (Dkt. No. 209).

WHEREAS, in an Order dated January 6, 2026 (the "Habeas Order"), Mr. Barnes's habeas claim was severed from his fabrication of evidence claim because the habeas claim is decided by a judge, while the fabrication of evidence claim is subject to trial by a jury (Dkt. No. 210).[1]  That distinction, as well as the potential remedies available on each claim, were explained and reiterated to Mr. Barnes in the Conference.  After hearing the explanation, Mr. Barnes confirmed his request to adjourn the fabrication of evidence jury trial until his habeas claim is decided by a judge.

WHEREAS, in an appeal in this case, the Second Circuit stated that it knew of "no basis for the view that a petitioner may not seek relief under both a habeas statute and § 1983 in a single pleading."  *Barnes v. City of New York*, 68 F.4th 123, 134 (2d Cir. 2023).

WHEREAS, the Habeas Order directed the Attorney General for the State of New York to file a letter by January 9, 2026, stating whether she will accept service on behalf of Respondent Christopher Yehl (Dkt. No. 210).  On January 14, 2026, Ira M. Feinberg, an attorney in the Attorney General's office, filed (i) a notice of appearance on behalf of Respondent Christopher Yehl and (ii) a letter explaining the reason for the delay and confirming that the Attorney General's office "will be responding to the habeas petition, by answer or motion to dismiss, in due course."  (Dkt. Nos. 6, 7 in Case No. 26 Civ. 121).  It is hereby

**ORDERED** that the Trial Scheduling Order is **VACATED** and the trial scheduled to begin on June 23, 2026, is **CANCELED**.  For the avoidance of doubt, all deadlines and conferences in the Trial Scheduling Order are **CANCELED**.  It is further

**ORDERED** that Case Nos. 18 Civ. 7119 and 26 Civ. 121 are consolidated into one action, which will proceed under Case No. 18 Civ. 7119.  The fabrication of evidence claim will

---

[1] Unless otherwise noted, docket citations in this Order refer to Case No. 18 Civ. 7119.

proceed against Defendants Sergeant Kenneth Caesar, Officer Michael Manetta and Officer Nicholas Mauceli.  The habeas claim will proceed against Respondent Christopher Yehl.  It is further

**ORDERED** that by **January 29, 2026**, Ira M. Feinberg shall enter his appearance on behalf of Respondent Christopher Yehl in Case No. 18 Civ. 7119, in which the habeas claim will proceed.  The deadlines and timeline from the Habeas Order are unaffected insofar as they relate to the habeas claim, except that the filings will be made in Case No. 18 Civ. 7119.  For the avoidance of doubt, within sixty days of the date of the Habeas Order (January 6, 2026), pursuant to Rule 12, Respondent Yehl shall file and serve (1) an answer, motion or other response to the habeas petition and (2) any transcripts and briefs identified in Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  If Respondent Yehl wishes to move to dismiss rather than answer, the requirement of a pre-motion letter is excused.  Mr. Barnes may file and serve a reply to Respondent Yehl's answer, or an opposition to Respondent Yehl's motion, within thirty days from the date Mr. Barnes is served with the answer or motion.

The Clerk of Court is respectfully directed to: (i) close Case No. 26 Civ. 121 and (ii) mail a copy of this Order to the pro se Plaintiff/Petitioner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: January 22, 2026
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE